[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles suspending plaintiff's motor vehicle operator's license for a period of ninety days under the provisions of General Statutes Section 14-227b. For reasons hereinafter stated, the appeal must be dismissed.
This appeal arises out of an incident which occurred in New London on December 19, 1990, in which plaintiff was arrested for operating under the influence in violation of General Statutes Section 14-227a(a) and his right to operate a motor vehicle was CT Page 241 suspended under the provisions of Section 14-227b(d). Within the time allowed by law, plaintiff requested a hearing on the suspension
The hearing was held before a duly appointed hearing officer on January 16, 1991. By statute, the issues which the hearing officer was required to consider were limited to the following:
 1. Did the police have probable cause to arrest plaintiff for operating a motor vehicle while under the influence of intoxicating liquor or while his ability to operate was impaired?
2. Was plaintiff placed under arrest?
 3. Plaintiff, having submitted to a test to determine the ratio of alcohol in his blood, did the results of said test, or an analysis thereof, indicate that at the time of the offense the ratio of alcohol in the blood was ten-hundredths of one percent or more of alcohol by weight?
4. Was plaintiff operating the motor vehicle?
The language of the statute with respect to the statutory findings has been found to be plain and unambiguous and the hearing is expressly limited to the four issues enumerated above. Buckley v. Muzio, 200 Conn. 1, 7 (1986).
On January 18, 1991, the commissioner notified plaintiff that all of the issues had been resolved against him and that his license would be suspended for ninety days. This appeal ensued.
Judicial Review of the Commissioner's action is governed by the Uniform Administrative Procedure Act. General Statutes, C54 Sections 4-166 through 4-189. The scope of judicial review is restricted particularly by Section 4-183 (j). The trial court may not retry the case or substitute its own judgment for that of the Commissioner. The court's ultimate duty is to decide only whether, in light of the evidence, the Commissioner has acted unreasonably, arbitrarily, illegally, or in abuse of his discretion. Buckley v. Muzio, supra 3 (citations omitted).
The only evidence before the hearing officer was a form entitled "Officer's DWI Arrest and Alcohol Test Refusal or Failure Report." Plaintiff made no objection to this report being admitted into evidence. CT Page 242
The report indicated that on December 19, 1990, Officer Suarez of the New London Police Department was dispatched to "New London Mall Parking Lot, Service Road" in New London. Upon arrival he met plaintiff who stated that he was the person who called the police. Plaintiff informed the officer that as he was leaving the parking lot, his vehicle was struck by another vehicle.
Officer Suarez's observation of plaintiff at that time caused him to conclude that plaintiff was under the influence of alcohol. Field performance tests and the odor of liquor on his breath caused the officer to arrest plaintiff at 1516.
Plaintiff admitted to taking medication at 6:00 a.m. that morning and to having two drinks at lunch during a business meeting.
Although there is no direct evidence on point, from the form in evidence it would be reasonable to conclude that after arrest, plaintiff was removed to the New London Police Department where intoximeter tests were performed.
No question has been raised as to the propriety of those tests on whether plaintiff received the warning required by the statute. It is logical for the hearing officer to have concluded that plaintiff submitted to the test voluntarily.
The report in evidence indicates that the intoximeter tests were administered by Lt. Colonis at 1617 and at 1657. The first test showed a blood alcohol ration of .165 and the result of the second test showed a result of .166.
Both of these tests indicated that at the time the tests were administered, plaintiff's blood alcohol level was above the .10 statutory threshold.
Plaintiff has raised three issues. First, he claims that there is no evidence as to the time of the offense. This issue was raised before the hearing officer. At the hearing on this appeal, plaintiff has raised two additional issues: One, that there is no evidence that the offense accurred at a place which would bring it under the provisions of Section 14-227a(a) and that the report was not properly notarized.
With respect to the last issue, Section 14-227b(c) requires that a written report of the evidence be prepared on a form prepared by the Commissioner. The statute requires that the report "shall be sworn to under penalty of false statement. . .by the police officer who administered or caused to be administered such test or analysis." Here the test record slip indicates that CT Page 243 Lt. Colonis, who signed the slips, administered the test. Lt. Colonis also signed the report as the testing officer.
Lt. Colonis, the officer who administered the test, however, did not swear to the results of the test. The oath was administered by Lt. Colonis to Officer Suarez. In taking the oath, Officer Suarez swore that he administered or caused the test to be administered.
The statute requires that the report be sworn to by the officer who administered the test or who caused it be be administered. There is no question but that Lt. Colonis administered the test and did not swear to it.
Although the facts sworn to by Officer Suarez were in the alternative it must be found that he stated under oath that he caused the test to be administered. This satisfies the statute. Since no question was raised before the hearing officer in this matter, he was justified in relying on the report as being properly executed.
Plaintiff has raised a question as to whether or not there was sufficient evidence to support a probable cause finding of a violation of one of the offenses specified in Section14-227b(b)(1). of the violations listed in the statute, the only two applicable here are, "operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired. . . ."
The elements of both of these offenses are contained in Section 14-227a(a) and (b). Both of these offenses require that the operation occur on:
 "a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property. . . ."
The report which formed the sole factual basis for the Commissioner's finding of probable cause listed the location as "New London Mall Parking Lot, Service Road, New London, CT." The description indicates that plaintiff claimed he was "hit by the other operator when leaving the parking lot in his vehicle."
The information properly before the hearing officer would CT Page 244 support a finding that plaintiff was operating his vehicle at the time of the accident within a New London Mall Parking Lot, on the Service Road leading from the parking lot, or partially on both properties. There is no further description of the capacity of the parking lot or the status of Service Road.
Plaintiff claims that there was insufficient evidence to support the hearing officer's necessary conclusion that the officer had probable cause to believe that Service Road was a public highway or fell within any of the other provisions of the statute or that the parking lot was an area for ten or more
Plaintiff also claims that there was no evidence as to the time of operation. He argues that the exhibit contains no evidence as to the time between plaintiff's call to police and his operation of a motor vehicle. He also argues that there is no indication of the time between the call and the dispatch and between dispatch and arrival. Consequently, it is claimed that any finding that plaintiff was operating a motor vehicle while under the influence would be pure speculation.
Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's finding of basic facts and whether the conclusion drawn from these facts are reasonable. Substantial evidence exists if the administrative records afford a substantial basis of fact from which the facts in issue can be reasonably inferred. Connecticut Light Power Co. v. DPUC, 216 Conn. 627, 639-640 (1990).
There certainly was substantial evidence to support a finding of probable cause with respect to some salient facts. Among these are that the officer arrived at the scene of the accident at 1504 (3:04 p.m.). The accident involved vehicles then being operated by plaintiff and another person. Both parties were present when the officer arrived. The officer questioned both parties and plaintiff admitted to consuming some alcohol prior to the accident and was under the influence of alcohol at the time the officer observed him. With respect to the inferences which could reasonably be drawn from the basic facts, it must be kept in mind that the hearing officer was not obligated to make any finding beyond a reasonable doubt, but only that the officer had probable cause to arrest.
The quantum of evidence necessary to establish probable cause is less than the quantum necessary to establish proof beyond a reasonable doubt at trial. The quantum of evidence necessary to establish probable cause exceeds mere suspicion, but is substantially less than that required for conviction. Our CT Page 245 cases have made clear that there is often a fine line between mere suspicion and probable cause and that the line necessarily must be drawn by an act of judgment found in light of the particular situation with account taken of all the circumstances. State v. Patterson, 213 Conn. 708, 720-721
(1990).
Considering the limitations placed on judicial review of administrative proceedings such as here, it cannot be found that the hearing officer's conclusion that the officer had probable cause to conclude that plaintiff was under the influence at the time he was operating his vehicle was an abuse of discretion.
In like manner the conclusion with respect to the status of the parking lot and the road must be upheld. It is common knowledge and beyond mere speculation that malls are shopping centers, and that the parking lot for, even the smallest entity with such a designation, would have a capacity for more than ten vehicles.
It was also not unreasonable to conclude that the road leading from such a commercial facility would be such as to bring it within the preview of General Statutes Section14-227a(a) and (b).
Accordingly, the appeal is denied.
PURTILL, J.